

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 21, 1964

Hon. John C. White
Commissioner of Agriculture
Capitol Station
Austin, Texas

Opinion No. C-219

Re: May a public warehouseman
charge the owner of stored
cotton for services per-
formed for compressing the
cotton, and related ques-
tions.

Dear Mr. White:

We acknowledge receipt of your request for opinion on
the above subject matter construing the Texas Markets and Ware-
houses Law, codified as Articles 5562 et seq. of Vernon's Civil
Statutes. Your letter and the questions propounded to us state
in part as follows:

"The attached letter from Mr. George H. Traylor,
Jr., President of the Lubbock Cotton Exchange outlines
in detail an apparent growing problem in the cotton
industry. Briefly, it concerns the practice of a cot-
ton warehouse applying hi-density compression to a
bale of cotton without the owners' permission for the
sake of conserving storage space. A compression charge
is then added to the storage bill.

"Our specific questions are as follows:

"1. Does the Markets and Warehouses Law contain
a provision which would forbid the warehouseman from
altering the size or changing the original description
of a stored commodity without the owner's permission?

"2. If the answer to the above question is nega-
tive, does the law forbid a warehouseman to charge the
owner of stored property for a service that was per-
formed solely for the convenience of the warehouse?"

As both questions are inter-related we will answer both
questions together.

The statutes pertaining to warehouses and warehousemen
do not contain any provisions specifically allowing or forbidding
warehousemen to compress and charge for compression of cotton stored
with them by the owners. However, considering the statutes as a

-1054-

whole, to be hereinafter discussed, we feel the charge is an authorized one.

Article 5570 states in part as follows:

"On application of the owner or depositor of the property stored in a public warehouse, the warehouseman shall issue over his own signature, or that of his duly authorized agent, a public warehouse receipt therefor, to the order of the person entitled thereto; which receipt shall purport to be issued by a public warehouse, shall bear the date of the day of its issue, and shall state upon its face the name of the warehouse and its location, the description, quantity, number and marks of the property stored. Where such receipt is for cotton it shall state the class and weight, and the date on which it was originally received in warehouse, and that it is deliverable upon return of the receipt properly indorsed by the person to whose order it was issued, and on payment of all charges for storage, and insurance, which charges shall be stated on the fact of the receipt. . . ." (Emphasis added).

We interpret this provision to mean that when cotton has been deposited for storage, the warehouseman must issue a receipt therefor which should completely itemize all charges in connection with the storage. The issuance of this receipt by the warehouseman and the acceptance thereof by the owner governs the charges which the warehouseman may collect and for which he may claim a lien. All charges, including any charges for compression, must appear on the face of the warehouse receipt. At this time the depositor is aware that the warehouseman proposes to charge a fee for compression, and therefore he is on notice of such charge. If the depositor chooses to take his commodity to a warehouse not charging the compressing fee, he is at liberty to do so.

We do not base our decision on Article 5570 entirely. Under the terms of Article 5574 a warehouseman returns goods left with him only after presentation and return of the warehouse receipt "and the tender of all proper warehouse charges upon the property represented by it /the receipt/." (Emphasis added).

Our Uniform Warehouse Receipts Act provides in Article 5613 that the warehouse receipt shall state the rate of storage charges, and the liabilities incurred for which the warehouseman claims a lien. Article 5638 of this Act states in part as follows:

"Subject to the provisions of the second succeeding article, a warehouseman shall have a lien on goods deposited or on the proceeds thereof in his hands, <u>for all lawful charges for storage</u> and preservation of the goods; <u>also for all lawful claims for</u> money advanced, interest, insurance, transportation, <u>labor</u>, weighing, <u>coopering and other charges and expenses in relation to such goods</u>; . . ." (Emphasis added).

In light of the statements made above we must answer your first question in the negative. We find implied authority in the statutes discussed for the warehousemen to charge for compression as it is a charge necessitated by the large amount of cotton to be stored by them, and further because the charge is one specified on the warehouse receipt. Your second question is also answered in the negative.

## SUMMARY

The issuance of a receipt by the warehouseman and the acceptance thereof by the owner governs the charges which the warehouseman may collect and for which he may claim a lien. All charges, including any charges for compression, must appear on the face of the warehouse receipt.

Yours very truly,

WAGGONER CARR
Attorney General

By Fred D. Ward
Assistant

FDW:wb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Paul Phy
Jerry Brock
Paul Robertson
W. O. Shultz
APPROVED FOR THE ATTORNEY GENERAL
By: Howard N. Mays